HARDY, Judge.
In this suit plaintiff seeks to recover from the defendant, individually and as natural tutrix of the named minors, on a promissory note. Plaintiff alleged he was the owner and holder for value of the note by endorsement of the payee, Security National Bank; that he had signed the said note as an .accommodation maker with the decedent, Mathew Osborne; had paid the same, and was therefore entitled to recovery of the amount thereof in the principal sum of $300 with interest and attorney’s fees. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which he prosecutes this appeal.
The note sued on was executed by Mathew Osborne and Raymond Busby, dated January-4, 1952, in the principal amount 'of $300, payable 90 days after date to the order-of Security National. Bank of Alexandria. Osborne died on May 26, 1952, and, thereafter, his widow and-children were placed in possession of his estate with benefit of inventory. On May 6, 1952, plaintiff, Raymond Busby, paid the aijiount of the note to the Security National Bank, which note was then negotiated to him by endorsement of the bank, without .recourse. This suit was filed August 6, 1953.
On trial of the case defendant’s counsel objected to all parol testimony attempting to show that plaintiff was an accommodation party to the instrument sued on or-that Osborne or his estate was obligated to plaintiff thereunder. This objection was based on LSA-R.S. 13:3721, providing that parol evidence is inadmissible for the purpose' of proving any debt or liability on the part of a decedent when: suit upon such obligation has been brought more than twelve months after death. The testimony was properly excluded by the trial court and it follows that, in default of any evidence establishing the indebtedness, plaintiff has no right to recovery.
In brief before this court counsel for plaintiff-appellant urges that the statute 'prohibiting parol testimony should not be applied in the instant case inasmuch as the testimony sought to be introduced was not designed to prove the debt but was tendered for the purpose of establishing the capacity in which plaintiff signed the note, that is, as an accommodation maker. We cannot so interpret the effect of the testimony proffered, inasmuch as this suit is obviously based upon an alleged indebtedness on the part of decedent. To permit the establishment of this indebtedness by indirection under the guise of clarifying plaintiff’s capacity with regard to the execution of the note would be to allow a thing the statute expressly prohibits and' would therefore violate both the letter and spirit thereof.
Alternatively, counsel argues that, in any event, the .trial court erred in not rendering judgment in favor of plaintiff for one-half of the amourit1 sued for, inasmuch as defendant’s answer admitted liability to this extent. Careful examination of the answer does riot substantiate this position. Defendant’s pleading first deriied any- liability whatsoever and then alternatively set up other defenses. Until and unless the principal ’obligation was éstablished’rio liability was imposed''upori these defendants.'
Before this court defendant has filed a motion to dismiss the appeal, predicated upon' the ground that plaintiff’s motion for appeal was made at a term of corirt-subsequent to that in which' judgrhent was rendered, without citation' upon defendant. As shown by the minutes, judgment was rendered in favor of defendant April 8, 1954, but was read and signed and motion' for: appeal- prayed for- and granted on September -30, 1954. While it is true that article 573 of the Code'of Practice permits the taking of an appeal by motion in open court at the same term at which judgriient is rendered, we think it clear that this provision must be interpreted as synonymous with the signing of the judgment. Since no appeal can be taken until a judgment is actually signed, it follows that a motion of appeal prior to signing would be *72 premature. Certainly the article does not contemplate an effect which would he futile and useless. It follows that the motion to dismiss the appeal should be overruled.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.