REGAN, Judge.
Plaintiff, Roy Albert Dollinger, dative testamentary executor of the .Succession of Magdalena Dollinger, Femme Sole, instituted this suit therein against the defendant, Emmett Dollinger, endeavoring to secure an accounting for the sum of $9,685, which he asserts the defendant owes to the succession.
Defendant answered and conceded that initially he had possession of the foregoing amount, but he gradually expended this money for the benefit of the decedent and therefore he was not indebted to the succession; he accounted therefor, itemizing *52 in detail expenditures totalling $9,308.06, and listing $376.94 for “incidentals”, which he had expended on behalf of the decedent during the last 30 months of her life.
He then reconvened and insisted that the succession was indebted to him for $15,000, which was the value of certain real property that the decedent had agreed to will to him in return for his care of her until her death; in the alternative, he requested the rendition of a judgment for the sum of $10,800 for housekeeping and practical nursing services rendered to the decedent by him and his wife.
From a judgment dismissing plaintiff’s suit on the main demand and awarding the defendant a judgment on the reconventional demand in the amount of $3,000, the plaintiff has prosecuted this appeal.
The record reveals that the decedent, a woman of approximately 70 years of age, died on July 7, 1957, from Parkinson’s disease. She had been a semi-invalid for several years before her death.
She resided with her nephew, the defendant herein and his wife in Algiers, Louisiana, from January until June of 1955, at which time they were compelled to move because of family friction, to a residence which she owned in 8539 Freret Street in the City of New Orleans.
The defendant related that his aunt had appealed to him to agree to this arrangement as she did not wish to enter a nursing home and no one else would care for her; she gave him the money with which to meet her obligations and to pay for all household expenses; he also emphasized that his aunt wished to will the house and its contents to him, as was evidenced by a bequest contained in an olographic will, dated July 30, 1955, which was five or six weeks after they had moved in Freret Street. He was shown this will at the time it was written by his aunt and it was offered in evidence to substantiate his reconventional demand. The defendant was not aware until after her death of the existence of a subsequent will dated August 25, 1955, wherein this bequest had been revoked.
Plaintiff and several of his witnesses, who were the brothers and a sister of himself and the defendant, concede in substance that the defendant and his wife did maintain a home for the decedent until her death; that she was rarely away therefrom, except when she was hospitalized on several occasions; that she obviously needed much personal care and attention, as she was unable to walk unassisted, suffered from nervousness, and was confined to bed almost one year before her death. This care was rendered by the defendant, his wife and a Negro maid who was hired by the day.
In the course of the trial the defendant’s counsel attempted to offer into evidence receipted bills to substantiate the accounting contained in the defendant’s answer, but he was dissuaded therefrom by the trial judge who stated that he would appoint an accountant to evaluate them if he thought it necessary, after all of the evidence had been adduced.
The defendant then testified that the amounts set forth in his answer for doctors, hospitals, medicines, utilities, appliances, and innumerable other expenditures were substantiated by the receipts which were available for examination by either opposing counsel or the court.
The defendant obtained no receipts for maid service and probably failed to retain those which were issued by the grocer, therefore they were requested to'appear and verify the amounts paid to them.
The maid employed by the defendant to assist in caring for his aunt related that she worked “most every day” and earned $4.00 per day over a period of two or three years. The total sum paid to the maid for her services was itemized by the defendant in the amount of $1456.
The grocer, a woman, confirmed the fact that the defendant had expended with her over a period of 24 months between $25 *53 and $30 per week. In this connection the defendant testified that in addition to the above, he also purchased food and other necessities from super markets and had expended therefor the total amount of $3,120.
The trial court in its written reasons for judgment found the defendant’s accounting to be reasonable and consequently dismissed the plaintiff’s suit; it also expressed the opinion that the defendant had not established by virtue of the will that the decedent intended to donate her property to him in return for care and therefore she had a right to revoke the donation; but, on the other hand, it was of the opinion that the defendant should be remunerated to the extent of $3,000 for services rendered to her over a period of 30 months.
The initial question posed for our consideration by virtue of this appeal is one of fact; namely, did the defendant satisfactorily account for the funds of the decedent which he had in his possession?
We are of the opinion that the record fully supports the conclusion that the defendant satisfactorily accounted for the expenditure of the funds which provoked this suit.
The only other question posed for our consideration is whether parol testimony was admissible to establish the decedent’s indebtedness to the defendant for various services rendered to her during the last 30 months of her life when suit therefor was instituted more than twelve months after her death.
The applicable statute[1] reads:
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased.”
In our opinion the language of the statute is clear and unambiguous, and adherence thereto must, for obvious reasons, be strict. It follows then that even though the plaintiff and his witnesses concede the services rendered to the decedent by the defendant and his wife, these oral admissions, in the absence of written evidence, have no legal significance since this suit by the defendant for remuneration was instituted more than twelve months after the decedent’s death. In a relatively recent case[2] the author of the opinion for the Second Circuit Court of Appeal very pertinently observed as follows:
“On trial of the case defendant’s counsel objected to all parol testimony attempting to show that plaintiff was an accommodation party to the instrument sued on or that Osborne or his estate was obligated to plaintiff thereunder. This objection was based on LSA-R.S. 13:3721, providing that parol evidence is inadmissible for the purpose of proving any debt or liability on the part of a decedent when suit upon such obligation has been brought more than twelve months after death. The testimony was properly excluded by the trial court and it follows that, in default of any evidence establishing the indebtedness, plaintiff has no right to recovery.”
For the reasons assigned, the judgment of the lower court insofar as it awards defendant the sum of $3,000 is reversed, and in all other respects the judgment is affirmed.
Reversed in part, affirmed in part.

. LSA-R.S. 13:8721.

. Busby v. Osborne, La.App., 1955, 81 So.2d 70, 71.